UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHERRY LYNN ARNIOTIS,
    Plaintiff,

v.                                                    Case No. 2:20-cv-835-NPM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

**ORDER**

Pursuant to the Court's scheduling order dated June 16, 2021, in this action for judicial review of the Social Security Administration's denial of disability benefits, Plaintiff Sherry Arniotis was required to file a memorandum by August 16, 2021, discussing the grounds on which she challenged the administration's decision. (Doc. 17). This deadline came and went without the filing of the required memorandum or any request for an extension of time.

Eleven days after the expiration of the deadline, the Court noted Arniotis's failure to file her memorandum and ordered that by September 10, 2021, she either file the required memorandum or show cause why this action should not be dismissed for lack of prosecution and failure to comply with the Court's scheduling order. (Doc. 22). As before, this deadline passed without the filing of Arniotis's

memorandum or any other word from her. Notably, this is the fourth time Arniotis has failed to timely comply with an order or applicable rule of procedure, and she has been reminded three times along the way that such failures can result in the dismissal of this action. (Docs. 5, 9, 22).

      This Court has one of the heaviest caseloads in the country, and in the interest of efficient case management and in fairness to all other persons who come before it, the Court's deadlines must be followed and enforced. *See Watkins v. Regions Mortg. Inc.*, 555 F. App'x 922, 925 (11th Cir. 2014) (finding court did not err in holding pro se plaintiff accountable to the deadlines in court's scheduling order) (citing *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011)); *Asokan v. Am. Gen. Life Ins. Co.*, 302 F. Supp. 3d 1303, 1312 (M.D. Fla. 2017) (explaining litigants cannot be permitted to treat a scheduling order as a "frivolous piece of paper idly entered, which can be cavalierly disregarded without peril").

      Accordingly, this action is **DISMISSED** for lack of prosecution and for failure to comply with the Court's orders. *See* M.D. Fla. R. 3.10 ("A plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay."); *see also* Fed. R. Civ. P. 16(f)(1)(C), 37(b)(2)(A)(v).

The **Clerk** is **DIRECTED** to enter judgment in Defendant's favor, deny all pending motions as moot, terminate all deadlines and scheduled events, and close the case.

**ORDERED** in Fort Myers, Florida on September 14, 2021.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE